UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLAGSTAR FINANCIAL & LEASING, LLC formerly known as Signature Financial, LLC,<br><br>        Plaintiff,<br>v.<br>FREIGHTWORKS, LLC doing business as Freightworks Transportation & Logistics and JOSHUA B. FARMER,<br>        Defendants. | Case No. 24-cv-08205-LGD<br><br>**ANSWER** |

NOW COME Defendants FreightWorks, LLC ("Freightworks") and Joshua B. Farmer ("Farmer", and together with Freightworks, "Defendants") answer the Complaint of the above-named plaintiff ("Plaintiff") as follows:

## NATURE OF THE ACTION

1. The allegations in ¶1 are not ones of fact, as to which a response is required.

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

## THE PARTIES

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶4.

5. Admitted.

6. Denied.

7. Admitted.

## FACTUAL BACKGROUND

8. It is admitted that on or about March 1, 2022, Freightworks entered into a Master Security Agreement (Equipment) with Plaintiff. The remaining allegations in ¶8 are legal conclusions as to which no response is required. Defendants refer to the security agreement for a

complete and in-context recital of its terms, state that the security agreement speaks for itself and deny the allegations to the extent inconsistent with its terms.

9. The allegations in ¶9 are legal conclusions as to which no response is required. Defendants refer to the security agreement for a complete and in-context recital of its terms, state that the security agreement speaks for itself and deny the allegations to the extent inconsistent with its terms.

10. It is admitted that on or about March 1, 2022, Freightworks executed and delivered to Plaintiff a Promissory Note (Fixed Rate). The remaining allegations in ¶10 are legal conclusions as to which no response is required. Defendants refer to the note for a complete and in-context recital of its terms, state that the note speaks for itself and deny the allegations to the extent inconsistent with its terms.

11. Defendants admit that Freightworks executed and delivered Schedule A. The remaining allegations in ¶11 are legal conclusions as to which no response is required. Defendants refer to the schedule for a complete and in-context recital of its terms, state that the schedule speaks for itself and deny the allegations to the extent inconsistent with its terms.

12. Admitted.

13. It is admitted that Plaintiff filed a UCC-1 financing statement with the Secretary of State of North Carolina on March 1, 2022. The remaining allegations in ¶13 are legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the remaining allegations.

14. Defendants admit Farmer executed a Continuing Guaranty (Individual Guarantor) dated March 1, 2022. The remaining allegations in ¶14 are legal conclusions as to which no response is required. Defendants refer to the guaranty for a complete and in-context recital of its terms, state that the guaranty speaks for itself and deny the allegations to the extent inconsistent with its terms.

15. The allegations in ¶15 are legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations.

16. The allegations in ¶16 are legal conclusions as to which no response is required. Defendants refer to the security agreement for a complete and in-context recital of its terms, state that the security agreement speaks for itself and deny the allegations to the extent inconsistent with its terms.

17. The allegations in ¶17 are legal conclusions as to which no response is required. Defendants refer to the security agreement for a complete and in-context recital of its terms, state that the security agreement speaks for itself and deny the allegations to the extent inconsistent with its terms.

18. The allegations in ¶18 are legal conclusions as to which no response is required. Defendants refer to the note for a complete and in-context recital of its terms, state that the note speaks for itself and deny the allegations to the extent inconsistent with its terms.

19. The allegations in ¶19 are legal conclusions as to which no response is required. Defendants refer to the note for a complete and in-context recital of its terms, state that the note speaks for itself and deny the allegations to the extent inconsistent with its terms.

20. Admitted.

21. The allegations of ¶21 of the Complaint are denied by the Defendants and strict proof and an accounting are demanded as to the sum alleged therein.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

22. Defendants' responses to the allegations in ¶¶1-21 of the Complaint are hereby realleged and incorporated as if fully set forth herein at length.

23. Admitted.

24. Admitted.

25. The allegations in ¶25 are legal conclusions as to which no response is required. Defendants refer to the security agreement for a complete and in-context recital of its terms, state that the security agreement speaks for itself and deny the allegations to the extent inconsistent with its terms.

26. The allegations in ¶26 are legal conclusions as to which no response is required. Defendants refer to the security agreement for a complete and in-context recital of its terms, state that the security agreement speaks for itself and deny the allegations to the extent inconsistent with its terms.

27. The allegations of ¶27 of the Complaint are denied by the Defendants and strict proof and an accounting are demanded as to the sum alleged therein.

28. The allegations of ¶28 of the Complaint are denied by the Defendants and strict proof and an accounting are demanded as to the sum alleged therein.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Guaranty)

29. Defendants' responses to the allegations in ¶¶1-28 of the Complaint are hereby realleged and incorporated as if fully set forth herein at length.

30. The allegations in ¶30 are legal conclusions as to which no response is required. Defendants refer to the guaranty for a complete and in-context recital of its terms, state that the guaranty speaks for itself and deny the allegations to the extent inconsistent with its terms.

31. The allegations in ¶31 are legal conclusions as to which no response is required. Defendants refer to the guaranty for a complete and in-context recital of its terms, state that the guaranty speaks for itself and deny the allegations to the extent inconsistent with its terms.

32. Admitted.

33. The allegations of ¶33 of the Complaint are denied by the Defendants and strict proof and an accounting are demanded as to the sum alleged therein.

34. The allegations of ¶34 of the Complaint are denied by the Defendants and strict proof and an accounting are demanded as to the sum alleged therein.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Possession)**

35. Defendants' responses to the allegations in ¶¶1-34 of the Complaint are hereby realleged and incorporated as if fully set forth herein at length.

36. The allegations in ¶30 are legal conclusions as to which no response is required. Defendants refer to the security agreement for a complete and in-context recital of its terms, state that the security agreement speaks for itself and deny the allegations to the extent inconsistent with its terms.

37. Admitted.

38. Denied.

39. Denied. Freightworks voluntarily relinquished possession of the collateral to Plaintiff upon request prior to the filing of the Complaint.

40. Denied.

WHEREFORE, Defendants pray for relief from the Court as follows:

(i) That Plaintiff have and recover nothing of the Defendants;

(ii) That the Complaint be dismissed, and that the costs of this action be taxed against it and that Defendants have and recover defense costs, attorneys' fees and other costs allowed by law; and

(iii) For such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim.

2. Demand for an Accounting of sums alleged due by the Plaintiff.

3. Lack of standing to enforce the note, security agreement and guaranty.

4.  Failure to mitigate damages in liquidating the collateral securing the loan at issue, in that Plaintiff rejected multiple offers to purchase the collateral from credible third parties in September and October of 2024. The ultimate sales proceeds of the collateral were materially less than what the Plaintiff was previously offered.

5.  Impossibility of performance.

6.  Unclean hands.

7.  Ratification.

8.  Waiver.

Defendants reserve the right to assert additional defenses if and to the extent that they become applicable.

Dated: June 13, 2025

Respectfully submitted,

/s/ Jeffrey Chubak
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
- and -
W. Harrison Penn (pro hac vice forthcoming)
Penn Law Firm, LLC
1517 Laurel Street
Columbia, SC 29201
(803) 771-8836
hpenn@pennlawsc.com
Attorneys for Defendants